United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR SHARRIEFF GAY,<br><br>   Plaintiff,<br><br>   v.<br><br>MATTHEW CATE, Director; A. HEDGEPETH, Warden; N. GRANNIS, Chief of Inmate Appeals; J. WALKER; Chief Health Program Manager; K. WALL, Health Care Manager; M. SEPULVEDA, Chief Medical Officer; DR. D. JARDINI; K. J. ALLEN; G. A NEOTTI, Chief Deputy Warden; V. SOLIS, Facility Captain; J. DELANEY; Correctional Counselor; A. NAVARRO, Correctional Counselor; K. KOSTECKY, Facility Captain; G.D. LEWIS, Chief Deputy Warden; S.T. SMITH, Correctional Counselor; E. MOORE, Facility Captain; R. BURGH, Correctional Counselor; E. MEDEN, Facility Captain; R. ROMERO, Correctional Counselor; V. HOGG, Correctional Counselor,<br><br>   Defendants.<br>                                                    / | No. C 10-1314 WHA (PR)<br><br>**ORDER OF DISMISSAL**<br><br><br><br>**(Docket Nos. 4 & 5)** |

**INTRODUCTION**

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a plaintiff proceeding pro se. He has also applied for leave to proceed in forma pauperis.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff raises three claims in his complaint.

First, he claims that defendants are violating his Eighth Amendment rights by denying

2

his requests for "single cell status," which means to have a cell to himself without a cellmate. He alleges that he has a medical condition that causes him incontinence, and this causes a "biological hazard" for any inmate who shares a cell with him. Consequently, plaintiff has requested single-cell status, but defendants have denied his requests. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner states a claim under Section 1983 for a violation of the Eighth Amendment where prison officials acted with "deliberate indifference" to the threat of serious harm or injury to the prisoner by physical conditions at the prison. *Frost v. Agnos*, 152 F.3d 1124, 1128-29 (9th Cir. 1998) Even if plaintiff's alleged incontinence could be viewed as creating an unsafe condition in his cell, the denial of his requests for single-cell status causes did not cause him to be exposed to that unsafe condition. Plaintiff would still be subject to his incontinence and the allegedly unsafe condition it creates even if he was celled by himself. At most, his allegations might support an Eighth Amendment claim brought by another inmate who was required to be housed in the cell with plaintiff, but they do not support such a claim brought by plaintiff himself. Plaintiff cannot proceed based on the alleged violation of another inmate's constitutional rights. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (pro se litigant may not appear on another person's behalf in the other's cause).

Plaintiff also alleges that he has not received a special type of shower, hazardous waste bags for cleaning up, and permission to be excused from putting himself in a prone position (Mem. P. & A. 11). These allegations are not the basis of plaintiff's first claim, however, as the claim itself only asserts that defendants' failure to give him "single-cell status" violated his Eighth Amendment rights (Compl. 5). In any event, these alleged deprivations do not amount to a cognizable claim for relief against defendants because plaintiff does not allege that defendants were responsible for them. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's second and third claims allege that defendants have violated his rights to due process and equal protection by using an "underground regulation" that caused plaintiff to lose his job assignment and adversely affected his classification score. Changes in conditions relating to classification and reclassification do not implicate the Due Process Clause.

*Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Dagget*, 429 U.S. 78, 88 n.9 (1976) (no constitutional right to particular classification)). Similarly, there is no constitutional right to a job or rehabilitation in prison. *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no right to job); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (no right to vocational course for rehabilitation). To the extent plaintiff's claims are based on an asserted violation of state law, in particular state prison regulations, they are not cognizable under Section 1983. These claims also do not implicate a state-created liberty interest protected by due process because the alleged loss of his prison job and change in his classification score do not amount to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," nor do they "inevitably affect the duration of [his] sentence." *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995); *cf. Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (under *Sandin* no liberty interest when inmate placed in disciplinary segregation for 14 days). Consequently, plaintiff's second and third claims also do not state a cognizable claim for relief.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**. The motions for appointment of counsel and for an court order for "single-cell placement" (docket numbers 4 and 5) are **DENIED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May __10__, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\GAY1314.DSM.wpd