IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR SHARRIEFF GAY, | No. C 10-1314 WHA (PR) |
| Plaintiff, | **ORDER GRANTING LEAVE TO AMEND** |
| v. | |
| MATTHEW CATE, Director; A. HEDGEPETH, Warden; N. GRANNIS, Chief of Inmate Appeals; J. WALKER; Chief Health Program Manager; K. WALL, Health Care Manager; M. SEPULVEDA, Chief Medical Officer; DR. D. JARDINI; K. J. ALLEN; G. A NEOTTI, Chief Deputy Warden; V. SOLIS, Facility Captain; J. DELANEY; Correctional Counselor; A. NAVARRO, Correctional Counselor; K. KOSTECKY, Facility Captain; G.D. LEWIS, Chief Deputy Warden; S.T. SMITH, Correctional Counselor; E. MOORE, Facility Captain; R. BURGH, Correctional Counselor; E. MEDEN, Facility Captain; R. ROMERO, Correctional Counselor; V. HOGG, Correctional Counselor, | |
| Defendants. | |

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a plaintiff proceeding pro se. Pursuant to the order by the United States Court of Appeals, plaintiff is granted leave to amend his complaint to cure the deficiencies in his Eighth Amendment and due

process claims that were outlined in the Order of Dismissal dated May 11, 2010. If plaintiff fails to do so, pursuant to the instructions below, this case will proceed only on the basis of his claims that defendants violated his right to equal protection and that they failed to protect him from his cellmates.

For the reasons set out above, plaintiff is granted leave to file an amended complaint within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order (No. C 10-1314 WHA (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time and in accordance with this order will result in the dismissal of his Eighth Amendment and due process claims, and this case will proceed only on the basis of his equal protection and failure-to-protect claims.

It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September   6  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\GAY1314.LTA.wpd