United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OMAR SHARRIEFF GAY,

                              Plaintiff,

    v.

MATTHEW CATE, Director; A.
HEDGEPETH, Warden; J. WALKER;
Chief Health Program Manager; K. WALL,
Health Care Manager; M. SEPULVEDA,
Chief Medical Officer; DR. D. JARDINI;

                              Defendants.
_____/

No. C 10-1314 WHA (PR)

**ORDER OF SERVICE; DENYING
MOTIONS FOR APPOINTMENT OF
COUNSEL AND FOR IMMEDIATE
INJUNCTIVE RELIEF**

(Docket Nos. 21-23)

**INTRODUCTION**

        Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under

42 U.S.C. 1983.  He has filed an amended complaint.

**ANALYSIS**

**A.    STANDARD OF REVIEW**

        Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only" give the "defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

In his amended complaint, plaintiff alleges that he suffers from a medical condition that makes him chronically incontinent. He is vulnerable to attacks from his cellmates who get angry at his inability to control his urinary and bowel functions. He alleges that defendants have denied his requests for "single cell" status, which would allow him to have a cell to himself, and left him exposed to attacks from other inmates. Plaintiff claims that defendants have thereby violated his rights under the Eighth Amendment and the Equal Protection Clause.

**C.    MOTIONS**

Plaintiff has filed motions for a temporary restraining order ("TRO") and preliminary injunctive relief. Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). A TRO may be granted without written or oral notice to

2

1   the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown

2   by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage

3   will result to the applicant before the adverse party or the party's attorney can be heard in

4   opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have

5   been made to give notice and the reasons supporting the claim that notice should not be

6   required. *See* Fed. R. Civ. P. 65(b). Plaintiff has neither notified the defendants of his request

7   for a TRO nor submitted the required certification of his efforts to do so and why they have

8   failed. Accordingly, his motions will be denied.

9       Plaintiff has also applied for appointment of counsel. There is no constitutional right to

10   counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C.

11   § 1915 confers on a district court only the power to "request" that counsel represent a litigant

12   who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the

13   power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490

14   U.S. 296, 310 (1989). In short, the Court has only the power to ask pro bono counsel to

15   represent plaintiff, not the power to "appoint" counsel. Plaintiff is capable of presenting his

16   claims effectively, and the issues, at least at this stage, are not complex. Consequently, his

17   motion will be denied.

18                                         **CONCLUSION**

19       1. The clerk shall issue summons and the United States Marshal shall serve, without

20   prepayment of fees, a copy of the amended complaint in this matter and copies of this order

21   upon defendants **MATTHEW CATE, Director**, at the **Department of Corrections and**

22   **Rehabilitation in Sacramento, California**, and **A. HEDGEPETH, Warden; J. WALKER;**

23   **Chief Health Program Manager; K. WALL, Health Care Manager; M. SEPULVEDA,**

24   **Chief Medical Officer; and Dr. D. JARDINI**, at **Salinas Valley State Prison**. A courtesy

25   copy of the amended complaint and this order shall also be mailed to the California Attorney

26   General's Office.

27       2. In order to expedite the resolution of this case:

28           a. No later than ninety days from the date this order is filed, defendants shall file

3

a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

c.  Defendants **shall** file a reply brief no later than fifteen days after the date the opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3.  All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

5.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.  Plaintiff's motions for a TRO and for appointment of counsel (docket numbers 21-23) are **DENIED**.

**IT IS SO ORDERED.**

Dated: October __26__ , 2011.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\GAY1314.SRV.wpd

United States District Court

For the Northern District of California

5

**United States District Court**
For the Northern District of California

# NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

# NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.