IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR SHARRIEFF GAY, | No. C 10-1314 WHA (PR) |
| Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING CLAIMS AGAINST UNSERVED DEFENDANTS |
| v. | |
| MATTHEW CATE, Director; A. HEDGEPETH, Warden; J. WALKER; Chief Health Program Manager; K. WALL, Health Care Manager; M. SEPULVEDA, Chief Medical Officer; DR. D. JARDINI; | (Docket No. 55, 61) |
| Defendants. | |

**INTRODUCTION**

Plaintiff, a California prisoner currently incarcerated at California State Prison, Solano, filed this pro se civil rights action under 42 U.S.C. 1983 about the conditions of his confinement at his prior prison, Salinas Valley State Prison ("SVSP"). The complaint was ordered served upon all of the defendants. Defendants Matthew Cate, A. Hedgepeth, M. Sepulveda, and K. Wall filed a motion to dismiss, which was partially granted: the claims against Cate, Hedgepeth and Sepulveda were dismissed, while the claims against Wall were dismissed in part. The remaining claims against Wall are that she violated plaintiff's rights to adequate medical care

and equal protection of the laws. Wall has filed a motion for summary judgment, and gave plaintiff the warning about opposing summary judgment motions required by *Rand v. Rowland*, 154 F.3d 952,953-954 (9th Cir. 1998) (en banc), a warning he had previously received with the order of service.  Despite that warning, plaintiff did not file an opposition to defendant's motion. Defendants J. Walker and Dr. D. Jardini have not appeared as they were not served.

For the reasons discussed below, the motion for summary judgment is **GRANTED**, and the claims against the unserved defendants, J. Walker and D. Jardini are **DISMISSED** without prejudice.  Plaintiff's request for "judicial notice" is also addressed below.

## ANALYSIS

A.   STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

B.   ANALYSIS

The motion for summary judgment is unopposed.  A district court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact.  *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993); *see Cristobal v. Siegel*, 26 F.3d 1488,

1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact).

The papers filed in support of Wall's motion for summary judgment show that at the time of the events alleged in the complaint, she was the Acting Health Care Manager at SVSP. She was involved with plaintiff when she reviewed an administrative grievance in which he complained that he suffered from incontinence stemming from back spasms, and requested a doctor, medical care, biohazard bags, additional laundry, and single-cell status. When Wall received the appeal of the grievance at the second level of review, she assigned Dr. R. Mack, SVSP's Chief Physician and Surgeon, to investigate. Dr. Mack reported that in response to his grievance, plaintiff had been seen by a doctor, his back had been x-rayed and showed "minimal" degeneration, and he had received physical therapy, a follow-up examination by a doctor, and an MRI. Dr. Mack also reported that prison personnel had given plaintiff extra underwear and had ordered extra sheets for him. No doctor or other medical professional indicated that plaintiff had any medical need that would require single-cell status. Wall denied plaintiff's requests for hazardous waste containers and single-cell placement for want of any evidence that they were medically required, and deemed his other requests granted insofar as they had already been provided. Another doctor, B. Barnett, reviewed plaintiff's medical records and found that he suffered no neurological, physiological or mental health abnormalities that would cause incontinence, and that there was never any visible sign or other objective evidence of his incontinence; the medical records simply indicated that he suffered from an "extremely common" condition of lower back pain.

Plaintiff claims that Wall violated his Eighth Amendment right to adequate medical care. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Even assuming that plaintiff did suffer from incontinence, which defendant disputes, there is no evidence that Wall acted with deliberate indifference to his medical needs. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of

serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Ibid.* In response to plaintiff's grievance, Wall assigned a senior physician to investigate, who reported to her about that plaintiff had received doctors visits and tests and additional laundry. Neither Dr. Mack's report nor anything else in plaintiff's medical records indicated that plaintiff had a medical need for single-cell status or hazardous waste containers. To the contrary, defendant's evidence shows that plaintiff did not have a medical condition that would cause incontinence and that his medical needs were inadequately addressed. Defendant's evidence shows that Wall had reason to believe that his medical needs were adequately addressed, as Dr. Mack informed her as much, and there is no evidence that Wall had any reason to question Dr. Mack's report. Consequently, defendant's evidence establishes that Wall did not knowingly risk harm to plaintiff when she denied his requests for single cell status and bio-hazardous waste containers. As such, there is no genuine factual dispute as to whether Wall was deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment.

Plaintiff also claims that Wall violated his equal protection rights by denying his request for single-cell status. Plaintiff argues that Wall's denial of single-cell status was based on prison regulations that allow single cells for inmates who suffer incontinence due to a mental condition, but not for inmates whose incontinence derives from a medical condition.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Defendant has presented evidence showing that plaintiff is not being treated differently from other similarly situated inmates. First, her evidence shows that while prison regulations authorize single cells for inmates who become "gravely disabled" due to a mental disorder, single cells are also given to inmates based on other medical conditions, and the same criteria is used whether the inmate has

4

1    a mental illness or a medical condition (Barnett Decl. ¶¶ 6, 19; Bridgnell Decl. ¶ 4). Second,
2    defendant's evidence also shows that even if plaintiff was in fact incontinent (which defendant
3    disputes), he did not qualify for a single cell because he was not "gravely disabled," and this
4    would be true even if his incontinence was derived from a mental condition (Barnett Decl. ¶
5    19). A doctor is required to recommend single-cell status, which they may do based upon a
6    medical or a mental illness, and no such recommendation was made in this case (Wall Decl. ¶ 9;
7    Bridgnell Decl. ¶ 11). Like any other inmate, plaintiff was evaluated by doctors to treat his
8    complaints of back pain and incontinence, and they found that he was not "gravely disabled" or
9    otherwise in need of single cells. Defendant's evidence shows that had they determined that his
10   condition warranted single-cell status, he would have been recommended for single-cell
11   placement regardless of whether his condition derived from mental illness or a medical
12   condition. Defendant's evidence establishes that plaintiff was not treated differently than other
13   similarly situated inmates, and therefore they are entitled to summary judgment on his equal
14   protection claim as well.

15   C.   UNSERVED DEFENDANTS

16   The United States Marshal could not serve defendants Walker and Jardini because they
17   were not at SVSP, the location provided by plaintiff. On August 24, 2012, plaintiff was ordered
18   to provide their correct location, serve the summons and amended complaint upon them
19   himself, or show cause why he cannot. Because the amended complaint has been pending for
20   well over 120 days, he was cautioned that his failure to do so would result in the dismissal of
21   the claims against them without prejudice pursuant to Rule 4(m). Plaintiff filed a response on
22   September 5, 2012, stating that he cannot provide the court with the correct location of
23   defendants Walker or Jardini, nor can he serve them himself because he is not a law
24   enforcement official. This does not excuse his obligation to comply with Rule 4(m) by serving
25   or providing the correct location of the defendants he sues. He provides no other explanation
26   for failing to provide their correct location or to serve them himself. Accordingly, pursuant to
27   Rule 4(m), the claims against defendants Jardini and Walker will be dismissed without
28   prejudice to refiling in a new action in which he provides their correct location or serves them

himself.

D. REQUEST FOR JUDICIAL NOTICE

Plaintiff has filed a "motion seeking judicial notice of plaintiff's health and safety issues here at Wasco State Prison and declaration in support thereof." This motion concerns recent events at Wasco, and asserts complaints against officials there. These officials are not defendants in this action, the claims do not arise out of the same events as the claims raised in this case, and the proper venue for claims arising out of Wasco is the United States District Court for the Eastern District of California. Consequently, plaintiff's motion is denied. If he wishes to bring claims for the violation of his constitutional rights at Wasco, he must do so in a new case filed in the Eastern District of California.

**CONCLUSION**

Defendant Wall's motion for summary judgment (dkt. 55) is **GRANTED**. Plaintiff's claims against defendants Jardini and Wall are **DISMISSED** without prejudice. Plaintiff's motion for judicial notice (dkt. 61) is **DENIED**.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: June 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE